**FILED**

NOV 03 2016

DAVID CREWS, CLERK
BY_____
　　　　　　Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　　　　　CRIMINAL NO: 4:16CR090

DEJUAN MARTIN, a/k/a "Lil Juan"　　　　　　21 U.S.C. § 841
GARY MARTIN, a/k/a "Lil G"　　　　　　　　21 U.S.C. § 846
DWIGHT JOHNSON, a/k/a "Pookie"
ANTONY BUSH, a/k/a "Radio"
ANTONIO WALKER, a/k/a "Antonio Perez"

## FIRST SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT ONE

### Conspiracy to Distribute Cocaine
### 21 U.S.C. § 846

Beginning at a date unknown, but on or about March 2016, and continuing until at least October 2016, in the Northern District of Mississippi and elsewhere, the defendants, DEJUAN MARTIN, a/k/a, "Lil Juan", GARY MARTIN, a/k/a, "Lil G", DWIGHT JOHNSON, a/k/a, "Pookie", ANTONY BUSH, a/k/a, "Radio", ANTONIO WALKER, and a/k/a "Antonio Perez" did unlawfully, knowingly and intentionally combine, conspire, and agree with each other, and persons both known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride (cocaine or powder cocaine), a Schedule II controlled substance, and a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), all in violation of Title 21, United States Code, Section 846.

### Goal of the Conspiracy

It was the primary purpose and object of the conspiracy to establish a cocaine and cocaine base distribution network, which would obtain and subsequently distribute cocaine and cocaine

base in the Northern District of Mississippi, and elsewhere, in an effort to obtain as much money as possible. The main task of this drug trafficking network was to acquire and distribute a continuous supply of cocaine and cocaine base to customers of the network.

## Manner and Means to Accomplish the Conspiracy

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1. It was part of the conspiracy that DEJUAN MARTIN, a/k/a, "Lil Juan", GARY MARTIN, a/k/a, "Lil G", DWIGHT JOHNSON, a/k/a, "Pookie", ANTONY BUSH, a/k/a, "Radio", and ANTONIO WALKER, a/k/a "Antonio Perez" and others, would and did distribute and possess with intent to distribute cocaine and cocaine base in the Northern District of Mississippi and elsewhere, thereby acquiring sums of money.

2. It was part of the conspiracy that the defendants would and did play different roles in the conspiracy, take upon themselves different tasks, and participate in the conduct of the drug trafficking network through various criminal acts. The defendants made themselves and their services available at various times throughout the conspiracy and participated in certain drug trafficking ventures as required to promote and protect the distribution operation.

3. It was further part of the conspiracy that co-conspirators would correspond with each other and with other cocaine traffickers in Tennessee and Mississippi, among other places, to arrange the purchase and shipment of large quantities of cocaine into the Northern District of Mississippi, and elsewhere.

4. It was further part of the conspiracy that cocaine and cocaine base was prepared, packaged and/or stored, prior to distribution to buyers, in co-conspirators' premises, known as "stash houses." Co-conspirators used these "stash houses" to avoid detection by law enforcement authorities.

5. It was further part of the conspiracy that co-conspirators transported and distributed cocaine and cocaine base to buyers in the Northern District of Mississippi, and elsewhere.

6. It was further part of the conspiracy that co-conspirators counted, transported and stored currency derived from the sale of controlled substances.

7. It was a further part of the conspiracy that co-conspirators used telephones, including cell phones, to facilitate their illegal narcotics business; that is by making telephone calls to communicate with each other, with suppliers, and with customers.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

On or about March 4, 2016, in the Northern District of Mississippi, defendant DWIGHT JOHNSON, a/k/a, "Pookie", did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT THREE

On or about March 17, 2016, in the Northern District of Mississippi, defendant ANTONY BUSH, a/k/a, "Radio", did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT FOUR

On or about March 23, 2016, in the Northern District of Mississippi, defendant DWIGHT JOHNSON, a/k/a, "Pookie", did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT FIVE

On or about April 7, 2016, in the Northern District of Mississippi, defendant DWIGHT JOHNSON, a/k/a, "Pookie", did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT SIX

On or about April 7, 2016, in the Northern District of Mississippi, defendant DWIGHT JOHNSON, a/k/a, "Pookie", did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT SEVEN

On or about April 18, 2016, in the Northern District of Mississippi, defendant DWIGHT JOHNSON, a/k/a, "Pookie", did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT EIGHT

On or about April 18, 2016, in the Northern District of Mississippi, defendant DWIGHT JOHNSON, a/k/a, "Pookie", did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT NINE

On or about May 2, 2016, in the Northern District of Mississippi, defendant ANTONIO WALKER, a/k/a "Antonio Perez" did unlawfully, knowingly and intentionally distribute a mixture

and substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT TEN

On or about May 9, 2016, in the Northern District of Mississippi, defendant ANTONIO WALKER, a/k/a "Antonio Perez" did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT ELEVEN

On or about May 19, 2016, in the Northern District of Mississippi, defendant ANTONIO WALKER, a/k/a "Antonio Perez", did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT TWELVE

On or about September 17, 2016, in the Northern District of Mississippi, the defendants, DEJUAN MARTIN, a/k/a "Lil Juan" and GARY MARTIN, a/k/a "Lil G", aided and abetted by each other, did knowingly and intentionally possess with intent to distribute an amount in excess of 500 grams of a mixture and substance containing a detectable amount of cocaine hydrochloride (cocaine or powder cocaine), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and Title 18, United States Code, Section 2.

### Forfeiture Provision

The allegations contained in Counts One through Twelve of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846 and/or Section 841, the defendants, DEJUAN MARTIN, a/k/a, "Lil Juan", GARY MARTIN, a/k/a, "Lil G", DWIGHT JOHNSON, a/k/a, "Pookie", ANTONY BUSH, a/k/a, "Radio", ANTONIO WALKER, and a/k/a "Antonio Perez" shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

The United States further reserves its right to seek forfeiture in the form of a money judgment against any of the defendants named herein in an amount equal to the illegal proceeds obtained by the defendants as result of the violations specified in this Indictment.

**A TRUE BILL**

*[signature]*
**UNITED STATES ATTORNEY**

*/s/redacted signature*
**FOREPERSON**